Crosby S. Connolly, (SBN: 286650)
crosby@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for Gary Jones

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Gary Jones, | Case No: 13CV1739 JAH DHB |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| LVNV Funding LLC, | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their

grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Gary Jones ("Plaintiff") through Plaintiff's attorneys, bring this action to challenge the actions of LVNV Funding, LLC, ("Defendant"), with regard to erroneous reports of derogatory and negative credit information made by Defendant to national reporting agencies, and for failure of Defendant to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and/or negligent, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

7. Because Defendant conducts business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

9. At all times relevant, Defendant conducted business within the State of California.

//

## PARTIES

10. Plaintiff is a natural person who resides in the City of San Diego, State of California.

11. Defendant is located in the City of San Gabriel, in the State of California.

12. Plaintiff is a "consumer" as that therm is defined by 15 U.S.C. § 1681a(c).

13. Plaintiff is informed and believes, and thereon alleges that Defendant is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

## FACTUAL ALLEGATIONS

14. Sometime before September 10, 2011, Plaintiff is alleged to have incurred certain financial obligations with Bank of America, account number ending in 0246.

15. Plaintiff contends that at no time did Plaintiff enter into a contractual agreement with Bank of America for an account number ending in 0246.

16. On or about September 10, 2011, Plaintiff learned that Defendant had reported the alleged debt on his credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

17. Later that day, Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit report agencies, in writing, informing them of the incorrect entries to aid Defendant in the investigation to delete the information from Plaintiff's credit report.

18. Subsequently Plaintiff received notification from Experian, a major Credit Reporting Agency, that Defendant received notice of Plaintiffs' dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report.

19. Upon receiving notice of Plaintiff's dispute, Defendant failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

20. Plaintiff further believes that Defendant failed to review all relevant information provided by Plaintiff in his dispute to Experian as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

21. Due to Defendant's failure to investigate, Defendant further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

22. Thereafter, Defendant's continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

23. Defendant's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

24. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

25. Further, as of the filing of this lawsuit Defendant is still reporting and furnishing information to the credit reporting agencies regarding Plaintiff's prior alleged Bank of American account, account number ending in 0246.

26. This information is being reported inaccurately.

### CAUSES OF ACTION
### COUNT I
### FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. §§ 1681 ET SEQ.

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

28. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

29. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA.

30. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: <u>July 24, 2013</u>         By:<u>s/Crosby S. Connolly</u>
                                            Crosby S. Connolly
                                            Attorneys for Plaintiff