**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gary Jones,<br><br>          Plaintiff,<br><br>v.<br><br>LVNV Funding, LLC,<br><br>          Defendant. | Case No.  13CV1739 JAH DHB<br><br>**DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**Hon. John A. Houston** |

Defendant LVNV Funding, LLC ("Defendant") hereby answers Plaintiff Gary Jones's Complaint ("Complaint") as follows:

## INTRODUCTION

1. Answering Paragraph 1 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies any express or implied allegation of wrongdoing.

2. Answering Paragraph 2 of the Complaint, Defendant denies the allegations.

3. Answering Paragraph 3 of the Complaint, there are no factual allegations and no response is required.

4. Answering Paragraph 4 of the Complaint, Defendant denies the allegations.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, the allegations consist of legal conclusions to which no response is required. Defendant, moreover, denies that there are any state claims alleged.

6. Answering Paragraph 6 of the Complaint, Defendant admits only that Plaintiff's Complaint alleges a violation of the Fair Credit Reporting Act ("FCRA"), but Defendant denies any express or implied allegation of wrongdoing, and denies violating the FCRA or any other laws.

7. Answering Paragraph 7 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it conducts business in California.

8. Answering Paragraph 8 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it conducts business in California.

9. Answering Paragraph 9 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required,

Defendant admits that it conducts business in California.

**PARTIES**

10. Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

11. Answering Paragraph 11 of the Complaint, Defendant denies the allegations.

12. Answering Paragraph 12 of the Complaint, the allegations consist of legal conclusions to which no response is required.

13. Answering Paragraph 13 of the Complaint, the allegations consist of legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it furnishes information to consumer reporting agencies.

**FACTUAL ALLEGATIONS**

14. Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff had incurred a credit card debt.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them.  As a further response, Defendant denies any express or implied allegation of wrongdoing.

17. Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them.  As a further response, Defendant denies any express or implied allegation of wrongdoing.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the other allegations, and on that basis, denies them. As a further response, Defendant, denies any express or implied allegation of wrongdoing.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations.

24. Answering Paragraph 24 of the Complaint, Defendant denies the allegations.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations.

26. Answering Paragraph 26 of the Complaint, Defendant denies the allegations.

## CAUSES OF ACTION
## COUNT I
## FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. §§ 1681 ET SEQ.

27. Defendant incorporates by reference its responses to Paragraphs 1 through 26 as though fully set forth herein.

28. Answering Paragraph 28 of the Complaint, Defendant denies the allegations.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

30. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, and/or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

35. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### SIXTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims are barred in whole or in part because Plaintiff consented, ratified, or acquiesced to all alleged acts or omissions asserted in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

37. Defendant's conduct was privileged and/or justified.

### EIGHTH AFFIRMATIVE DEFENSE

38. If Plaintiff prevails against Defendant, Defendant's liability is several and

limited to their own actionable segment of fault, if any.

### NINETH AFFIRMATIVE DEFENSE

39. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

40. Defendant is entitled to a set-off against any award to Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

41. Defendant reserves the right to compel arbitration to the extent available by contract.

### TWELFTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

### FIFTEENTH AFFIRMATIVE DEFENSE

45. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

46. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various

causes according to the contribution of each cause to the harm sustained.

## SEVENTEENTH AFFIRMATIVE DEFENSE

47. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of others, and not by Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

48. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

49. Defendant specifically gives notice that they intend to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend the Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees according to proof; and
4. For such other and further relief as this Court may deem just and proper.

DATED: January 10, 2014.                    YU | MOHANDESI LLP

                                    By  */s/ Ben Mohandesi*
                                        B. Ben Mohandesi
                                        Jordan S. Yu
                                        Attorneys for Defendant
                                        LVNV Funding, LLC

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury in this action.

DATED: January 10, 2014.    YU | MOHANDESI LLP

By  */s/ Ben Mohandesi*
B. Ben Mohandesi
Jordan S. Yu
Attorneys for Defendant
LVNV Funding, LLC

**CERTIFICATE OF SERVICE**

I certify that on January 10, 2014, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

DATED:  January 10, 2014.

          YU | MOHANDESI LLP

          By  */s/ Ben Mohandesi*
              B. Ben Mohandesi
              Jordan S. Yu
              Attorneys for Defendant
              LVNV Funding, LLC